## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| CURTIS LUCKETT III, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | **COMPLAINT** |
| SOLUTIONS, INC., EQUIFAX | ) | |
| INFORMATION SERVICES, LLC, | ) | **With Jury Demand Endorsed Hereon** |
| TRANS UNION LLC, AND USAA | ) | |
| FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Curtis Luckett III ("Plaintiff"), by and through the undersigned counsel, and for his Complaint against Defendants, Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and USAA Federal Savings Bank ("USAA"), states and avers as follows:

### INTRODUCTION

1.      This is a civil action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.*  The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

2.      Plaintiff is the victim of identity theft. This is an action for actual and punitive damages against Defendants for their respective negligent and willful reporting of false accounts and information in Plaintiff's credit file, credit reports, and consumer reports. Plaintiff repeatedly

and unsuccessfully attempted to have false accounts and information permanently removed from his credit file.

## PARTIES

3.      At all times material, Plaintiff was a resident of Westerville, Ohio.

4.      Defendants Experian, Equifax, and Trans Union are consumer reporting agencies, as defined by the FCRA, 15 U.S.C. § 1681a(f).

5.      Defendant USAA is a furnisher of credit information as that term is used in the FCRA.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

7.      Venue in this judicial district is proper because Defendants transact business in this District, at all times material, Plaintiff was a resident of this Judicial District, and the conduct complained of occurred, in whole or significant part, here in this Judicial District.

## FACTUAL ALLEGATIONS

8.      In 2013, Plaintiff learned that false accounts and information were appearing on his credit reports. He contacted Experian, Equifax and Trans Union to dispute the false accounts and information. Some of the disputed information was deleted; some was not.

9.       In or about 2015, Plaintiff obtained a credit report that indicated all of the false accounts and information had been deleted from his credit file.

10.     In 2018, Plaintiff again disputed false accounts and information to Experian, Equifax, and Trans Union, including but not limited to at least two (2) false account tradelines from USAA. Plaintiff also obtained a police report and an FTC identity theft report, and provided it to Experian, Equifax, and Trans Union.

11.     In 2019, Plaintiff again disputed false accounts and information to Experian, Equifax, and Trans Union, including but not limited to at least two (2) false account tradelines for USAA.

12.     On information and belief, Plaintiff alleges that Experian, Equifax, and Trans Union, notified USAA of Plaintiff's dispute. USAA failed to instruct Experian, Equifax, and Trans Union, to permanently delete disputed accounts from Plaintiff's credit file. USAA failed to permanently block the disputed accounts from being reported or re-reported to Experian, Equifax, and Trans Union or by Experian, Equifax, and Trans Union.

13.     Moreover, on information and belief, Experian, Equifax, and Trans Union provided one or more consumer report which included Plaintiff's confidential credit information (some of which belonged to him and some of which did not) to one or more third party.

14.     Plaintiff has suffered, continues to suffer, and will suffer future damages, including credit denial, credit approval on less favorable terms, emotional distress, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

## CLAIMS FOR RELIEF

### COUNT ONE
### (Violations of 15 U.S.C. § 1681n and 1681o)
### (Against Experian)

15.     Experian willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 *et seq.* Experian willfully violated the FCRA by:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports pertaining to Plaintiff, as required by 15 U.S.C. § 1681e(b);

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i, including all parts and subparts;

       c)    providing consumer reports relating to Plaintiff to persons, users, and/or subscribers without a permissible purpose to receive said consumer reports under 15 U.S.C. § 1681b.

16.    Experian negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 *et seq.*  Experian negligently violated the FCRA by:

       a)    failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b);

       b)    failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i, including all parts and subparts;

       c)    providing consumer reports relating to Plaintiff to persons, users, and/or subscribers without a permissible purpose to receive said consumer reports under 15 U.S.C. § 1681b.

17.    As a result of Experian's violations of its obligations under the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including emotional distress, denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

18.    Experian's conduct reveals a conscious and reckless disregard of Plaintiff's rights. The injuries suffered by Plaintiff are attended by circumstances of negligent and willful misconduct, entitling him to statutory damages in the amount of up to $1,000.00 per violation pursuant 15 U.S.C. § 1681n(a)(2), and punitive damages in an amount to be determined by the jury.

19.    Plaintiff is entitled to his attorney fees pursuant to 15 U.S.C. § 1681n(a).

**COUNT TWO**
**(Violations of 15 U.S.C. § 1681n and 1681o)**
**(Against Equifax)**

20.     Equifax willfully failed to comply with the requirements imposed under the

FCRA, 15 U.S.C. § 1681 *et seq.* Equifax willfully violated the FCRA by:

> a)     failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports pertaining to Plaintiff, as required by 15 U.S.C. § 1681e(b);

> b)     failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i, including all parts and subparts;

> c)     providing consumer reports relating to Plaintiff to persons, users, and/or subscribers without a permissible purpose to receive said consumer reports under 15 U.S.C. § 1681b.

21.     Equifax negligently failed to comply with the requirements imposed under the

FCRA, 15 U.S.C. § 1681 *et seq.* Equifax negligently violated the FCRA by:

> a)     failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b);

> b)     failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i, including all parts and subparts;

> c)     providing consumer reports relating to Plaintiff to persons, users, and/or subscribers without a permissible purpose to receive said consumer reports under 15 U.S.C. § 1681b.

22.     As a result of Equifax's violations of its obligations under the FCRA, Plaintiff has

suffered, continues to suffer, and will suffer future damages, including emotional distress, denial

of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration,

embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

23.     Equifax's conduct reveals a conscious and reckless disregard of Plaintiff's rights.

The injuries suffered by Plaintiff are attended by circumstances of negligent and willful

misconduct, entitling him to statutory damages in the amount of up to $1,000.00 per violation

pursuant 15 U.S.C. § 1681n(a)(2), and punitive damages in an amount to be determined by the jury.

24. Plaintiff is entitled to his attorney fees pursuant to 15 U.S.C. § 1681n(a).

**COUNT THREE**
**(Violations of 15 U.S.C. § 1681n and 1681*o)***
**(Against Trans Union)**

25. Trans Union willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 *et seq.* Trans Union willfully violated the FCRA by:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports pertaining to Plaintiff, as required by 15 U.S.C. § 1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i, including all parts and subparts;

c) providing consumer reports relating to Plaintiff to persons, users, and/or subscribers without a permissible purpose to receive said consumer reports under 15 U.S.C. § 1681b.

26. Trans Union negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 *et seq.* Trans Union negligently violated the FCRA by:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i, including all parts and subparts;

c) providing consumer reports relating to Plaintiff to persons, users, and/or subscribers without a permissible purpose to receive said consumer reports under 15 U.S.C. § 1681b.

27. As a result of Trans Union's violations of its obligations under the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including emotional distress, denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined

by the jury.

28.     Trans Union's conduct reveals a conscious and reckless disregard of Plaintiff's rights. The injuries suffered by Plaintiff are attended by circumstances of negligent and willful misconduct, entitling him to statutory damages in the amount of up to $1,000.00 per violation pursuant 15 U.S.C. § 1681n(a)(2), and punitive damages in an amount to be determined by the jury.

29.     Plaintiff is entitled to his attorney fees pursuant to 15 U.S.C. § 1681n(a).

## COUNT FOUR
## (Violations of 15 U.S.C. § 1681n and 1681o)
## (Against USAA)

30.     USAA willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 *et seq.* USAA willfully violated the FCRA by:

    a)     failing to comply with the investigation requirements in violation of 15 U.S.C. § 1681s-2(b), including all parts and subparts;

    b)     failing to permanently block reporting of false account information in violation of 15 U.S.C. § 1681s-2(b), including all parts and subparts.

31.     USAA negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 *et seq.* USAA negligently violated the FCRA by:

    a)     failing to comply with the investigation requirements in violation of 15 U.S.C. § 1681s-2(b), including all parts and subparts;

    b)     failing to permanently block reporting of false account information in violation of 15 U.S.C. § 1681s-2(b), including all parts and subparts.

32.     As a result of USAA's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including emotional distress, denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

33.     USAA's conduct reveals a conscious and reckless disregard of Plaintiff's rights. The injuries suffered by Plaintiff are attended by circumstances of negligent and willful misconduct, entitling his to statutory damages in the amount of up to $1,000.00 per violation pursuant 15 U.S.C. § 1681n(a)(2), and punitive damages in an amount to be determined by the jury.

34.     Plaintiff is entitled to his attorney fees pursuant to 15 U.S.C. § 1681n(a).

**WHEREFORE,** Plaintiff prays for judgment on the foregoing Claims for Relief in his favor and against Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, Trans Union, LLC, and USAA Federal Savings Bank, and for the following relief:

(a)     Actual damages sustained;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorneys' fees and costs; and

(e)     Any other and/or further relief as deemed appropriate and just by this Honorable Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **JURY DEMAND**

Plaintiff respectfully demands a jury trial on all issues so triable.

DATED this 21st day of March, 2020.

Respectfully submitted,

   /s/ *Sylvia A. Goldsmith*
_____

Sylvia A. Goldsmith (No. 0064871)
GOLDSMITH LAW OFFICE
Park West Building
20545 Center Ridge Road, Suite 415
Rocky River, Ohio 44116
Telephone:  (440) 934-3025
Facsimile:  (440) 934-3026
Email:  goldsmith@goldsmithlawyers.com

*Attorney for Plaintiff*